UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

HERSCHEL HALBERSTAM,

                Plaintiff/Respondent

   -against-

GLOBAL CREDIT & COLLECTION CORP.

               Defendant/Petitioner

16-1563

---

**PLAINTIFF'S OPPOSITION TO MOTION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

     Plaintiff Herschel Halberstam, by and through the undersigned counsel, hereby opposes Defendant/Petitioner's Motion for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b). The Court's staff attorney and the undersigned agreed that the within brief would be filed by August 31, 2016.

**QUESTIONS PRESENTED**

     Whether a Court can certify an order for interlocutory review under 28 U.S.C. § 1292(b) despite the fact that (1) the proponent of certification did not show the order concerns a controlling question of law; (2) the proponent of certification did not show there is a substantial ground for difference of opinion; (3) the proponent of certification did not show that this is an issue of first impression; (4) the proponent of certification did not even show any case law to support its position in a regular appeal let alone show "exceptional circumstances" necessary for interlocutory review; (5) the proponent of certification did not show any exceptional circumstances that would justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.

Answer. No

**FACTS AND PROCEDURAL HISTORY**

Plaintiff/Respondent commenced this action alleging a violation of the FDCPA by the defendant-petitioner.

At the initial conference in this case, the parties agreed upon the facts upon which their respective motions for summary judgment would be based. The Court's docket entry on November 17, 2015 states as follows:

> "Minute Entry and Order for Initial Status Conference before Judge Brian M. Cogan on 11/16/2015. Both parties present. Parties jointly agree that the language at issue for purposes of summary judgment motions is: "Name is Eric Panganiban, callback number is 1-866-277-1877, direct extension is 6962, regarding a personal business matter." <u>Cross-Summary judgment motions addressing whether this language, when left with a non-debtor third-party, violates the FDCPA</u>, are to be filed by 11/30/2015, replies to be filed by 12/11/2015" (emphasis added)

In *Halberstam v. Glob. Credit & Collection Corp.*, No. 15-cv-5696 (BMC), 2016 U.S. Dist. LEXIS 3567 (E.D.N.Y. Jan. 11, 2016) the Court stated:

> "The facts are undisputed. Defendant debt collector telephoned plaintiff about his debt. The person answering the phone (who plaintiff has not identified) responded that "Herschel [the debtor/plaintiff] is not yet in," and asked if he could take a message. The collection agent responded, in relevant part, "Name is Eric Panganiban. Callback number is 1-866-277-1877 ... direct extension is 6929. Regarding a personal business matter."

In *Halberstam v. Glob. Credit & Collection Corp.*, No. 15-cv-5696 (BMC), 2016 U.S. Dist. LEXIS 59908 (E.D.N.Y. May 5, 2016) the court again stated

> "I granted summary judgment for plaintiff because <u>I found that by leaving a message for plaintiff with a third party that was calculated to induce a return call without the debtor knowing that he would be calling a collection company, defendant violated section 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA")</u>. With narrow exceptions not applicable here, that statute flatly prohibits debt collectors from communicating with third parties in an attempt to collect a debt … <u>The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication.</u> There are a number of district court cases addressing the practice of leaving call-back messages on the debtor's answering machine, which message then happens to be overheard by a third party (e.g., a family member) that has access to the machine. In my view, those cases are inapposite to <u>the question presented here, where the debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent</u>." (citations omitted) (emphasis added)

The facts creating the alleged violation are undisputed. The parties simultaneously moved for summary judgment on the issue of whether the message above when left with a third party

2

violated the FDCPA. Plaintiff argued that the message was in violation of the FDCPA; defendant argued that it was not.

The District Court found -this message left with a third party- to be in violation of multiple provisions of the FDCPA and granted summary judgment to the plaintiff. Defendant/Petitioner's motion for summary judgment was also concurrently denied. On request by Defendant/Petitioner, Judge Cogan certified his Order for a petition for permission to file an interlocutory appeal pursuant to 28 U.S.C.§1292(b).

## **ARGUMENT**

### **A. The Underlying Case Does not Meet the Criteria for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b)**

The Second Circuit has "repeatedly cautioned, [that], use of this certification procedure should be strictly limited because "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996)

The Second Circuit will reverse an order granting certification and dismiss the interlocutory appeal if the moving party has not demonstrated exceptional circumstances "justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Transp. Workers Union v. NY City Transit Auth.*, 05-8005-mv (2d Cir. Mar. 8, 2006) (reversing order granting certification, denying the petition and dismissing the interlocutory appeal because the parties had not demonstrated exceptional circumstances "justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.")

Although many cases seek interlocutory certification, ninety-nine percent of the cases seeking interlocutory review are denied by the district courts in this Circuit, since very few cases

meet the criteria for the rare exception to the final judgment rule that prohibits piecemeal appeals. Most importantly, in the very rare instance that a trial judge grants certification of an order for interlocutory review the decision and order from the district court, granting that rare exception must and does contain a very through and comprehensive analysis explaining how and why that specific case contained the exceptional circumstances that could justify interlocutory review.

However, despite these very rare occurrences and despite these very comprehensive district court decisions, still **"Professor Wright points out that only about 100 cases a year are certified under § 1292(b), and of these <u>only half are allowed</u> [by the Second Circuit]. The public record of the Second Circuit for [two years] reveals a total for the two years of 35 motions for leave to appeal under § 1292(b), of which only eight were granted.** ". <u>Koehler v. Bank of Bermuda</u>, 101 F.3d 863, 866 (2d Cir. 1996) (emphasis added)

This case most certainly does not meet the criteria for interlocutory appeal pursuant to 28 u.s.c. §1292(b). In the case at bar, the District Court granted the Defendant's motion for interlocutory review. The Court mistakenly assumed that the collection industry would be significantly impacted by the Court's ruling since the Court mistakenly assumed that its ruling was unprecedented.

Most importantly, the District Court mistakenly found: "<u>The existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication</u>." (emphasis added) (see docket entry 30). Therefore, the Court found that "this is both an issue of first impression and one where there are substantial grounds for dispute." Additionally, the court concluded that "rather than have a single district court decision cause uncertainty as to the continuation of a common practice in an entire industry, immediate appellate guidance on the issue would be preferable."

4

There can be no dispute that the Plaintiff has laid out extensively (see docket entries 12, 18, 27, 31 and 34 also appended hereto) that the District Court has inadvertently ignored the extensive case law it reviewed and followed when it granted Plaintiff's motion for summary judgment. Consequently, in certifying this case for interlocutory review, the Court overlooked Plaintiff's multiple briefs that contained a plethora of existing FDCPA case law which finds this type of message left with a third party to be a prohibited communication.

It is clear to the Plaintiff that he would most likely prevail on appeal. One reason being simply due to the fact that the defendant did not cite to any authority in its multiple motions while plaintiff cited to a plethora of unanimous authority. Regardless, this case is not on appeal; rather the defendant is seeking an extremely rare grant of interlocutory review. Furthermore, the Defendant has not even shown <u>any</u> circumstances to justify appellate review; it has definitely not shown any "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review.

The District Court in its order granting interlocutory review mistakenly stated that: "[t]he existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication."

This clear error made by the district court is admittedly extremely bewildering especially in light of Plaintiff's extensive summary judgment briefing (See Docket No 12 & 19) which contained a plethora of citations of decisions which involve a message of this type left with a third party. These citations are in addition to the those set forth in Plaintiff's response in opposition to the motion for interlocutory appeal (*See* docket No. 27 at 14) and even the footnotes in Plaintiff's complaint which contained numerous cases that involved messages left with a third party.

5

Similarly, the District Court mistakenly found that its holding was a lone decision that threatened the collection industry. The record shows (see docket entries 12, 18, 27, 31 and 34) that Plaintiff produced evidence that the Defendant admits is true which undisputedly concludes that the ACA has consistently stated during its training, educational services, compliance support, and in its comprehensive debt collection compliance manual, that debt collectors are prohibited from asking neighbors, or other third parties, to convey messages to consumers.

The ACA has made clear that collection agencies will violate the FDCPA if they leave messages with a third party. The evidence in the record clearly demonstrate the ACA's position on this issue as set forth in its debt collection compliance guide. ACA International, Guide to the Fair Debt Collection Practices Act, Vol. 1, 62,63,64, (2009/10 ed.) specifically states that "**A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers**." (annexed hereto as Exhibit "A").

The holding in the within matter finds it to be a violation of the FDCPA to leave messages with third parties is not novel. In fact, every court that has considered the issue has found these messages to be in violation of the FDCPA.

Furthermore, the Defendant has admitted that the entire collection industry follows the ACA. The ACA has consistently trained and taught the collection industry that a bedrock FDCPA principle is that a collection agency cannot leave a message with a third party. The ACA has always stated that a collection agency will violate the FDCPA if a collector asks a third party to convey a message to a consumer.

### B. The Existing FDCPA Case Law Finds This Type Of Message Left With A Third Party To Be A Prohibited Communication. This Is Not A Case Of First Impression. There Are No Substantial Grounds For Dispute.

The first document filed in this case was the complaint and in footnote #1 of the said complaint,[1] Plaintiff cites to multiple decisions that found that leaving a message for a plaintiff with a third party that was calculated to induce a return call without the debtor's knowing that he would be calling a collection company is a violation of the FDCPA.

The record demonstrates through Plaintiff's extensive summary judgment briefing (see docket entries No 12 and 19) which contained the plethora of citations of cases that <u>involve a message of this type left with a third party</u>, in addition to the citations mentioned in Plaintiff's response in opposition to the motion for interlocutory appeal, (See Docket No. 27 at 14) that the District Court's did not invent the wheel.

Defendant has filed five[2] briefs with the District Court and one petition with this Court, yet the Defendant has not cited to one case that stands for the proposition that this type of message is not in violation of the FDCPA, and it has also not cited to one case showing that there is a substantial ground for dispute. Most strikingly, the defendant has not disagreed with the well

---

[1] Rule 8 does not anticipate case law in a complaint but it is well known when drafting complaints attorneys commonly include case citations in footnotes to the complaint. This practice enlightens the Defendant as to the relevant case law and usually helps facilitate a speedy resolution to the case without the need of lengthy research and motion practice. Yet, in this case despite the fact that Plaintiff cited to the existing case law in the footnotes to his complaint, and Plaintiff cited the existing case law in all the subsequent motions, the Defendant's multiple motions as well as the district courts order granting interlocutory review did not discuss any of the relevant cases at all. Under such circumstances it is impossible for there to be substantial ground for dispute since the defendant and the district court did not cite to any case law or address plaintiffs' case law. *See Laniado v. Certified Credit & Collection Bureau,* 636 F. App'x 90 (3d Cir. 2016) ("[Plaintiffs case law] was extensively presented to the District Court. Indeed, [plaintiff] <u>cited it in her complaint</u> and referred to it at oral argument on [defendants] motion to dismiss ... Nevertheless, the District Court granted [defendants] motion to dismiss, issuing a ruling from the bench in which it never even referenced [Plaintiffs case law]. As a result, we cannot discern its views as to how, if at all, [Plaintiffs case law] affects [plaintiff's] claims, and so we will vacate its order dismissing the complaint and remand so that it can specifically consider [Plaintiffs case law].") (emphasis added); *Khaytin v. Stern & Stern, ESQS*., 2013 U.S. Dist. LEXIS 144091, *14-15, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) ("Defendant's proposed motion does not discuss the relevant cases. Plaintiff's theory of liability principally relies on [one case] — <u>the only case cited in the complaint</u>... Plaintiff's complaint essentially tracks the facts of [that case], ... However, Defendant's proposed motion does not even mention [that case].") (emphasis added)

[2] **Docket No. 13** *MOTION for Summary Judgment by Global Credit & Collection Corp*, **Docket No. 17** *RESPONSE in Opposition MOTION for Summary Judgment filed by Global Credit & Collection Corp*., **Docket No. 25** *MOTION to Amend/Correct/Supplement 21 Order on Motion for Summary Judgment,* **Docket No. 29** *REPLY in Support re 25 MOTION to Amend/Correct/Supplement*, **Docket No. 33** *MEMORANDUM in Opposition re 31 MOTION for Reconsideration.*

settled holdings of *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 643 (W.D. N.C. 1998), *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl, 2013), *Wideman v. Monterey Financial. Services., Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009), *Belin v. Litton Loan Servicing, LP,* 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006), *Krapf v. Collectors Training Institute of Illinois, Inc.,* (Dist. Court, WD New York 2010.).

The existing FDCPA case law finds this type of message left with a third party to be a prohibited communication. Therefore, this is not a case of first impression, nor is this decision a singular holding. This type of third party message as shown in the case law above, was addressed multiple times and found to be in violation of the FDCPA. Defendant's multiple briefs have not raised any <u>truthful</u> "substantial grounds for dispute."

The Defendant has not provided <u>any</u> grounds for dispute let alone "substantial grounds for dispute." However, even assuming *arguendo* that the Defendant did cite to one or more cases that would contain a potential ground for dispute, the Second Circuit has consistently stated that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a <u>substantial</u> ground for difference of opinion." Since "Certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281 (2d Cir. 1996)

The Defendant did not cite to any cases that would allow messages to be left with third parties under the FDCPA. And, the existing case law on the issue in the within matter is well settled. The Defendant has not even shown the mere presence of a disputed issue that is of first impression, let alone a substantial ground for difference of opinion. Therefore, this case certainly

8

does not have the "exceptional circumstances" necessary to justify certifying the case for interlocutory review.

The petition must be denied since: 1) the District Court inadvertently found that the existing FDCPA case law does not address whether this type of message left with a third party is a prohibited communication. 2) The District Court inadvertently found that the decision in this case was a single district court decision which would cause uncertainty to the entire industry. 3) The undisputed evidence has shown that the entire collection industry is aware of the well-known industry guidelines from that ACA which unequivocally states: "A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers." 4) This case does not have the "exceptional circumstances" necessary to justify certifying the case for interlocutory review.

### C. This Type Of Message Left With A Third Party Is Not A Case Of First Impression.

This type of message left with a third party is not a case of first impression. The Defendant specifically admits and states that: "*Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl, 2013) involves a message left at plaintiff's place of employment. Likewise does *Wideman v. Monterey Financial Services, Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa, 2009). In *West v. Nationwide Credit, Inc.*, 998 F.Supp. 642 (W.D.N.C., 1998), the collector left a message with the debtor's neighbor." (Docket No. 33 at 3,)

The facts underlying this case are straightforward and were not in dispute. The District Court specifically stated the only question presented in this case is: When a debt collector makes a conscious decision to give information to a third party for the purpose of getting the debtor to call back without knowing that he is calling a collection agent. - Is that in violation of the FDCPA ? – The District Court reasoned and opined that it is a violation of the FDCPA literally tracking Plaintiff's arguments in his summary judgment motion.

9

The District Court found this message to be in violation of the FDCPA, since the existing FDCPA case law finds this type of message left with a third party to be a prohibited communication. See *West v. Nationwide Credit, Inc.,* 998 F.Supp. 642 (W.D.N.C., 1998) (holding that leaving a live call back message with a third party indicating the call was related to a "very important" matter but not mentioning a debt or that the caller was a debt collector was a in violation of § 1692c(b)) *Dauval v. MRS BPO, L.L.C.*, 2013 U.S. Dist. LEXIS 189 109, 2013 WL 9921550 (N.D.Fl, 2013) (The collection agency's third party messages requesting a return call violated multiple provisions of the FDCPA.) *Wideman v. Monterey Financial Services, Inc.*, 2009 U.S. Dist. LEXIS 38824 (W.D.Pa, 2009). ("[T]he majority of courts that have addressed the issue have found that messages left with third parties like the one left with [plaintiffs] administrative assistant were communications under the FDCPA") *Krapf v. Collectors Training Inst. of Ill., Inc.,* No. 09-CV-391S, 2010 U.S. Dist. LEXIS 13063, at *13 (W.D.N.Y. Feb. 15, 2010) ("Defendant's contact with Plaintiff's employer, as it is alleged to have happened, did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." Defendant did not identify itself as a debt collector and later placed another call to Plaintiff's employer in an attempt to use Plaintiff's employer as a means of inducing Plaintiff to return Defendant's call. Because it is alleged that Defendant contacted a third party in a manner not authorized by § 1692b, Plaintiff sufficiently states claims under §§ 1692b, 1692c (b), and 1692d.")

In this case, Plaintiff has extensively demonstrated (see docket entries 27, 31 and 34) that this case does not have the "exceptional circumstances" necessary to justify certifying this case for interlocutory review. Plaintiff has demonstrated that this matter is not an issue of first impression as the existing case law addresses these types of third party messages. Additionally, appellate guidance on the issue is not warranted since the existing FDCPA case law and the ACA industry

10

...

guidelines show that the holding in this case - that leaving a message with a third party violates the FDCPA - is <u>not</u> the only district court decision on the issue. Furthermore, the District Court's finding that leaving a message with a third party violates the FDCPA is <u>not a new finding</u>. In fact, according to the ACA published guidelines, it has been well known in the collection industry for many years[3] that leaving a message with a third party violates the FDCPA. <u>This finding is not new and cannot cause any uncertainty to the collection industry</u>.

Accordingly, this Honorable Court should find that this case does not present the "exceptional circumstances" that would warrant certification for interlocutory review.

### D. The Record Shows That The ACA Guidelines To The Debt Collection Industry State That The Practice Of Leaving Messages With Third Parties Is In Violation Of The FDCPA. The ACA Quotes The Existing FDCPA Case Law

In his various memoranda of law (see docket entries 27, 31 and 34) Plaintiff demonstrated that the entire debt collection industry would not be impacted by the Court's ruling; the ACA has consistently guided all collection agencies not to leave messages with third parties. Furthermore, the ACA has made it clear that collection agencies will violate the FDCPA if they leave messages with a third party. *See ACA International, Guide to the Fair Debt Collection Practices Act,* Vol. 1, 62, 63, 64, (2009/10 ed.) "<u>A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers</u>." (annexed hereto as Exhibit "A")

Defendant acknowledges and admits the ACA industry guidelines as controlling. In fact, defendant admits that it and the rest of the collection industry adhere to the ACA industry guidelines.

The record shows (docket entry 31) that The ACA International, Guide to the Fair Debt Collection Practices Act, Vol. 1, 62,63,64, (2009/10 ed.) additionally states:

---

[3] *ACA International, Guide to the Fair Debt Collection Practices Act,* Vol. 1, 62, 63, 64, **(2009/10 ed.)**

11

> "The only information a debt collector can request from a third party is the consumer's location information. Location information is defined under the Act to only include the consumer's home address, home telephone number, and the consumer's place of employment. Location information does not include the consumers work telephone number, the names of the consumer's supervisors and their telephone numbers, the consumer's salary, or the consumer's paydays. Asking a third party for any information other than the consumer's home address, home telephone number or place of employment is strictly prohibited under the FDCPA. A debt collector may also be in violation of the Act if she already knows the consumer's location, but asks for "a better number" to reach me consumer. <u>A debt collector is prohibited from asking neighbors, or other third parties, to convey messages to consumers.</u> In one case, (*West v. Nationwide Credit, Inc*., 998 F. Supp. 642, 643 (W.D. N.C. 1998) a collector called the consumer's neighbor stating he was calling regarding a "very important matter" and asked the neighbor to have the consumer call him. The consumer alleged the debt collector violated the FDCPA by communicating with a third party regarding the consumer's alleged debt and that the communication was not for the purpose of obtaining location information. The court concluded the allegations were sufficient to state a claim under the FDCPA" (emphasis added)

The defendant as well as the rest of the collection industry all follow the ACA guidelines which make it crystal clear that the only information a debt collector can request from a third party is the consumer's location information and that a debt collector is prohibited from asking any third party, to convey any message to the debtor.

Denial of the petition is mandatory since the record demonstrates that the Defendant has not shown any "exceptional circumstances" that would permit interlocutory review.

**E.    The Court Should Deny The Petition And Dismiss Any Interlocutory Appeal Since The Record Shows That The Defendant Has Not Demonstrated "Exceptional Circumstances" Necessary To Justify Certifying The Case For Interlocutory Review.**

The District Court stated in its order that: "The Second Circuit has 'repeatedly cautioned [that] use of this certification procedure should be strictly limited. Only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"

The standard for certification of interlocutory review is most stringent as it warrants "exceptional circumstances." Plaintiff has demonstrated that the Defendant has not shown <u>any</u>

"exceptional circumstances" that would permit interlocutory review. Under the current circumstances, this petition warrants denial.

In light of the within motion, this Court should deny the petition since Plaintiff has established that the Defendant has not demonstrated "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *See generally Transp. Workers Union v. N.Y. City Transit Auth.*, 358 F. Supp. 2d 347 (S.D.N.Y. 2005) (Defendants' motion for certification of interlocutory appeal granted) *Transp. Workers Union v. NY City Transit Auth.*, 05-8005-mv (2d Cir. Mar. 8, 2006) (reversing order granting certification, denying the petition and dismissing the interlocutory appeal because the parties had not demonstrated exceptional circumstances "justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.")

Plaintiff's multiple briefs identify legal authority inadvertently overlooked by the District Court and demonstrate the need to correct the clear error that inadvertently found this case to contain the exceptional circumstances necessary to justify certifying interlocutory review.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that this Court issue and enter an Order reversing the petition for permission to appeal from the Order of the United States District Court for the Eastern District of New York (Hon. Brian M. Cogan, U.S.D.J.) dated May 5, 2016 and entered May 5, 2016 which order denied petitioner's motion for summary judgment below and granted respondent's motion for summary judgment below. The Court should deny the petition and dismiss the interlocutory appeal because the Defendant/Petitioner has not demonstrated

13

exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment.

Dated: Woodmere, New York
August 31, 2016

                                        ADAM J. FISHBEIN, P.C.

                            By:   /s/ Adam J. Fishbein
                                Adam J. Fishbein
                                **Attorney at Law**
                                735 Central Avenue
                                Woodmere, New York 11516
                                Telephone: (516) 668-6945
                                fishbeinadamj@gmail.com

                                Attorney for Plaintiff/Respondent